REGAN, Judge.
Plaintiff, T. M. Anderson, conducting his business under the trade name of T. M. Anderson Lumber Company of Leakesville, Mississippi, instituted this suit against the defendant, Herbert B. Barber, a contractor, endeavoring to recover the sum of $969.41, representing the cost of lumber sold and delivered to the defendant in 204 Orchard Road, Jefferson Parish.
Defendant answered and admitted receipt and use of the materials, but pleaded payment. In explanation thereof, he asserted that the lumber had been purchased by him from E. L. Ivey, either as an individual lumber dealer or as an agent of the plaintiff, and that payment in full had been made by him to Ivey.
A third party action [1] was also instituted by the defendant against Ivey, who, however, was never found and served with a citation.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record discloses that Ivey ordered the lumber from the plaintiff who delivered it in his truck to the defendant in 204 Orchard Road together with an invoice specifically addressed to the defendant. The defendant paid Ivey for the lumber and then Ivey forwarded his check, less a commission, to the plaintiff, which when deposited proved to be worthless.
*387 Defendant, in explaining his relationship with Ivey, very pertinently testified:
“Well, to tell you just my connection with Dan, he was a fellow that seemed particularly down and out and he was trying his best to reestablish himself and I gave him orders for lumber just to help him get back on his feet so I bought several loads'of lumber from him.”
ijí í{í í{*
“I was allowing him to collect percentage (a commission) to pay back a thousand dollars that he had borrowed from me * *
The defendant principally maintains that the lower court erred in failing to decide from the evidence adduced on the trial hereof that Ivey was an agent of the plaintiff, and therefore, payment by the defendant to Ivey constituted payment to the plaintiff.
Plaintiff, on the other hand, simply contends that Ivey bought lumber from him for the defendant’s account, and points to the above testimony of the defendant in substantiation of this assertion.
The foregoing elucidation reveals that, fundamentally, a question of fact was posed for the trial court’s consideration. The judge thereof, resolved the answer to this question in favor of the plaintiff as the following extract from the written reasons for his decision reveals:
“The evidence does not disclose that the third party, Ivey, acted as an agent or as a salesman for the plaintiff herein, or even that he was a regular lumber dealer operating his own, separate business. The defendant had had several dealings with Ivey, and appeared to be attempting to help the said Ivey out by allowing him to make commissions in ordering materials for him, and also to assist Ivey in reducing a debt which Ivey owed him.”
In the final analysis, the question which this appeal has posed for our consideration is whether that finding was so erroneous and unsupported by the evidence as to warrant reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the collateral evidence so as to reemphasize the foregoing testimony which we believe rightfully influenced the result reached by the trial judge. He obviously concluded from all of the evidence adduced on the trial hereof that no relationship of agency existed between plaintiff and Ivey, but on the other hand, he was convinced that the relationship which did exist between Ivey and the defendant was one created for their mutual advantage. When one of two innocent persons must suffer loss through the fraud of another, the burden of the loss should be imposed on him who most contributed to its occurrence.
For reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. In conformity with the provisions of LSA-R.S. 18:3381.